UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:21-CV-00046-BJB-HBB

**MELISSA ECKLES**                                                                                   **PLAINTIFF**

**VS.**

**ARCHER-DANIELS-MIDLAND**
**COMPANY** *d/b/a* **ADM and**
**AMERICAN RIVER**
**TRANSPORTATION CO., LLC** *d/b/a* **ARTCO**                             **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Melissa Eckles' motion to compel discovery information from Defendant American River Transportation Co., LLC ("ARTCo") (DN 106). ARTCo has responded in opposition (DN 111), and Eckles has replied (DN 113).

### Nature of the Case

This is a Jones Act and Maritime case. Eckles was employed as a cook on the M/V Crimson Glory, operating on the Illinois River. The Crimson Glory was in the process of "facing up" to another vessel, the M/V Cooperative Mariner. The term "facing up" as described in ARTCo's Standard Operating Procedure "Facing Up a Line Boat" is "to attach the Lineboat to the barge with face wires[1] (DN 106-3 PageID # 308). Captain Chad E. Hannig testified that, in this instance, the Crimson Glory was simply going to push the Cooperative Mariner's stern and not make a coupling with the vessel using the face wires to steer the vessel (DN 111-3 PageID # 352). Nonetheless, according to his testimony, "facing up" can encompass a broader range of activities where the ship physically contacts another vessel (Id.).

---

[1] A "face wire" is defined as "a length of steel or synthetic wire rope used to connect a Lineboat to barges or docks." (DN 106-3 PageID # 308).

Eckles contends that the captain did not give her proper notice the vessel was about to face up and that when the vessels bumped into one another she lost her balance and caught herself mid-fall by grabbing a table. She claims she sustained injuries to her shoulder and neck. She also claims ARTCo lacked proper policies and procedures to ensure her safety during the face up maneuver.

Eckles' Motion

Eckles seeks compulsion of ARTCo's response to one interrogatory and one related request for production. The interrogatory asked:

> **INTERROGATORY NO. 1:** For the past ten (10) years leading up to February 13, 2019, identify reports, claims, lawsuits, or other notice that a person aboard a marine vessel operated by you has been injured or thrown overboard as an alleged result of that ARTCO-operated vessel facing up to another marine vessel. For each, (a) identify the date of your first notice, (b) identify the person injured or thrown overboard, (c) identify the person's attorney, (d) describe the alleged injuries, and (e) if a lawsuit was filed, identify the venue and case caption of the lawsuit.
>
> **ANSWER:** ARTCO object to this Interrogatory as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of this matter as far as it seeks information for incidents and/or lawsuits other than Plaintiff's own incident/lawsuit.

(DN 106-1 PageID # 304-05). The request for production asked:

> **REQUEST FOR PRODUCTION NO. 1:** For the incidents identified in response to Plaintiff's Third Interrogatory No. 1 to ARTCO, please produce:
> a. Photographs and videos of the incident at issue or its aftermath;
> b. Reports relating to the incident at issue;
> c. Allegations or claims made by persons injured or thrown overboard in the incident at issue;
> d. Petitions and/or Complaints filed relating to the incident at issue;
> e. Reports or communications made to the United States Coast Guard or other governmental entity relating to the incident at issue.
>
> **RESPONSE:** ARTCO object to this Request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of this matter as far as it seeks documents for unrelated incidents and/or lawsuits other than Plaintiff's own incident/lawsuit.

(DN 106-2 PageID # 306-07). Eckles contends that the information is relevant to establishing ARTCO's notice of potential hazards associated with facing up. She argues that evidence of prior similar accidents is relevant to whether ARTCo took adequate safety measures to protect her against a particular harm. She notes from previous testimony in the case that there is reason to believe that the requested documentation exists (DN 106 PageID # 300) (referencing DN 106-5). Finally, she contends that ARTCo waived its objection to the discovery requests by failing to timely make its responses (Id. at PageID # 300-01) (citing Baymont Franchising, LLC v. Heartland Props., No. 3:05CV-748-S, 2006 U.S. Dist. LEXIS 105953 (W.D. Ky. Nov. 14, 2006)).

### ARTCo's Response

ARTCo challenges Eckles' discovery requests on two fronts. First, it contends that the information she seeks is not relevant to the claims in the action. Second, it contends that production of the information would impose an undue burden upon it.

As to relevance, ARTCo focuses on Eckles' request for reports, claims, lawsuits, or other notices that an individual was injured or thrown overboard as an *alleged* result of a vessel facing up with another vessel. ARTCo contends that unsubstantiated claims cannot be relevant to proving or disproving any of the elements of the claims and defenses asserted in the lawsuit. ARTCo's Response does not elaborate on how such claims are not relevant beyond this conclusion.

ARTCo also argues that information about prior incidents is not necessary to show that unexpected bumps can occur, as an ARTCo witness has already testified that such events are not uncommon (DN 111 PageID # 341-42) (referencing DN 111-1). Finally, as to relevance, ARTCo argues that Eckles is not seeking information about incidents which were substantially similar. ARTCo cites cases in support of its argument that evidence about incidents which are not substantially similar are not admissible in evidence.

Turning to the question of whether producing the information would pose an undue burden on ARTCo disproportionate to the needs of the case, ARTCo points to Captain Hannig's testimony that "facing up" can encompass a broad range of nautical maneuvers. ARTCo sums up its argument:

> Plaintiff's discovery requests effectively require ARTCO to review ten years' worth of documents from a nationwide river transportation company for any incident caused by the front of one boat touching another. The sheer scope of this request for a company of ARTCO's scale is so impermissibly overboard that it cannot be accomplished without imposing severe, undue burden on ARTCO.

(DN 111 PageID # 345).

### Eckles' Reply

Eckles contends that ARTCo's argument as to relevance misses the mark because it is directed to whether the information would be admissible as evidence at trial (DN 113 PageID # 355-56). Admissibility is not the issue, she argues, because under Fed. R. Civ. P. 26(b)(1) discoverable information need not be admissible to be discoverable. Turning to ARTCo's contention that the information is not relevant because testimony in the case has already established that bumps can be expected when vessels are facing up, Eckles notes again that admissibility is not the relevant question. While prior occurrences may tend to demonstrate the existence of a dangerous condition, evidence of prior occurrences can also be relevant to other aspects of her claims. As to ARTCo's contention that production of the information would be unduly burdensome, Eckles observes that ARTCo has only made the assertion in general terms without any evidence as to the nature of the burden.

### Discussion

Rule 26(b)(1) of the Federal Rules of Civil Procedure guides the evaluation of any discovery request. The Rule provides that "[p]arties may obtain discovery regarding any

4

nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . ." Fed. R. Civ. P. 26(b)(1). In assessing whether the discovery is "proportional to the needs of the case," courts should consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id.; Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment. The Rule also directs that "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Id.

A party resisting production of discovery "bears the burden to establish that the material either does not come within the scope of relevance or is of such marginal relevance that the potential harm resulting from production outweighs the presumption in favor of broad disclosure." Invesco Int'l (N.A.), Inc. v. Paas, 244 F.R.D. 374, 380 (W.D. Ky. 2007). Relevance is to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense. Albritton v. CVS Caremark Corp., No. 5:13-CV-00218-GNS-LLK, 2016 U.S. Dist. LEXIS 83606, at *8 (W.D. Ky. June 28, 2016) (citing Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978)). The determination of the scope of discovery is within the sound discretion of the trial court. Burgie v. Walmart Inc., No. 5:20-CV-00119-BJB-LLK, 2021 U.S. Dist. LEXIS 168981, at *4 (W.D. Ky. Sept. 7, 2021).

ARTCo cites Burke v. U-Haul Int'l, Inc., No. 3:03-CV-32-H, 2007 U.S. Dist. LEXIS 7539 (W.D. Ky. Jan. 31, 2007), for the proposition that prior incident evidence is not relevant where the existence of a particular fact is not at issue. Here, it argues, the fact that vessels move when making contact is undisputed (DN 111 PageID # 341-42). Burke is not dispositive in this instance. Burke addressed relevance for purposes of admissibility of evidence under Fed. R. Evid. 401, not

5

relevance for purposes of discovery. Likewise, ARTCo's argument that Eckles is not seeking relevant information because it is not limited to substantially similar accidents is unavailing. With one exception, the cases it cites in support address substantial similarity and relevance in the context of admissibility at trial.[2] Gruenbaum v. Werner Enters., 270 F.R.D. 298 (S.D. Ohio 2010), cited by ARTCo, does address the issue of whether other accidents are substantially similar to a case at bar to merit discovery. In that case, the plaintiff sought investigation files regarding four prior accidents in which a tractor trailer was blown over by strong winds. The Court conducted an examination of each prior accident to determine if the circumstances were substantially similar so as to merit production in discovery. Significantly, in that case the Court already had information about the prior accidents. Employing this approach here would be the equivalent of requiring Eckles to demonstrate the similarity of other accidents before knowing anything about them. "[W]hether an incident is substantially similar is an evidentiary issue, not a discovery issue." Cameron v. Daimlerchrysler Corp., No. 5:04-24-JHM, 2005 U.S. Dist. LEXIS 54443, at *8 (E.D. Ky. July 5, 2005). At this point, "[f]or discovery purposes, a court need only find that the circumstances surrounding the other incidents or products are 'similar enough' that discovery concerning those incidents is reasonably calculated to lead to the uncovering of substantially similar occurrences." Commins v. NES Rentals Holdings, Inc., No. 3:16-CV-00608-GNS, 2018 U.S. Dist. LEXIS 107879, at *19 (W.D. Ky. June 28, 2018) (quoting Ree v. Royal Caribbean Cruises Ltd., 315 F.R.D. 682, 686 (S.D. Fla. 2016)). The undersigned concludes that Eckles' request for information about other persons injured or thrown overboard as a result of an ARTCo vessel facing up with another vessel is "similar enough" to permit discovery.

---

[2] Rye v. Black & Decker Mfg. Co., 889 F.2d 100 (6th Cir. 1989); Surles v. Greyhound Lines, Inc., 474 F.3d 288 (6th Cir. 2007); Jones v. Otis Elevator Co., 861 F.2d 655 (11th Cir. 1988)

Turning to ARTCo's argument of undue burden, "[t]he party claiming that discovery is burdensome does have an obligation to make that claim with specificity." Ross v. Abercrombie & Fitch Co., No. 2:05-cv-0819, 2010 U.S. Dist. LEXIS 47620, at *10 (S.D. Ohio May 14, 2010) (citing Lurensky v. Wellinghoff, 258 F.R.D. 27, 30 (D.D.C. 2009) (party resisting discovery on grounds of undue burden "must show good cause for the proposed limitation of discovery, including specific, articulable facts and not merely speculative or conclusory statements."). Without such a showing, the Court simply may not preclude discovery on the grounds that to allow it would unduly burden the responding party." Ross, 2010 U.S. Dist. LEXIS 47620, at *11; *see also* Desai v. Charter Commc'ns, LLC, No. 3:14-CV-459-DJH, 2016 U.S. Dist. LEXIS 198009, at *10 (W.D. Ky. Jan. 15, 2016) (holding a general claim of undue burden unsupported by specific facts is insufficient to deny discovery). ARTCo's opposition to the discovery requests is that it will require it to review ten years' worth of documents from a nationwide river transportation company for any incident caused by the front of one boat touching another (DN 111 PageID # 345). What ARTCo fails to do, however, is identify the form in which the records are maintained, how they would be searched, how many records would likely be at issue or quantify the time, effort, and expense it will likely incur in the undertaking. Without this information, the undersigned cannot evaluate the proportionality of the discovery request or the validity of ARTCo's objection.

Eckles has additionally argued that ARTCo waived its entitlement to object to the discovery requests because it failed to timely serve responses. Eckles asserts that she initially served the discovery requests on April 5, 2023. One of the e-mail addresses for defense counsel was incorrect, and the requests were re-served on May 30, 2023. The responses were not served until July 25, 2023 (DN 106 PageID # 300-01). Eckles cites Baymont Franchising, 2006 U.S. Dist. LEXIS 105953, at *7-11, for the proposition that, where a party fails to timely respond to

7

interrogatories or requests for production, it waives the opportunity to object to the discovery. ARTCo fails to address this argument it its Response.

"Ordinarily the failure of a party to timely respond to interrogatories or request for production of documents, absent a stipulation pursuant to Rule 29, will result in a finding by the Court that the offending nonresponsive party has waived its opportunity to object to the discovery served upon it." Baymont Franchising, 2006 U.S. Dist. LEXIS 105953 at *10 (citing Drutis v. Rand McNally & Co., 236 F.R.D. 325, 336-37 (E.D. Ky. 2006). Thus, in addition to the substantive evaluation of ARTCo's objection previously discussed, it is also precluded from objecting on procedural grounds.

**WHEREFORE**, Plaintiff's motion to compel, DN 106, is **GRANTED**.

March 5, 2024

H. Brent Brennenstuhl
United States Magistrate Judge

Copies to:     Counsel of Record